## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| RODNEY BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N16C-03-278 CLS |
| LARCH INVESTMENT, LLC, JONES | ) | |
| LANG LASALLE IP, INC., ATIS | ) | |
| ELEVATOR INSPECTIONS, LLC, | ) | |
| SOVEREIGN PROPERTY | ) | |
| MANAGEMENT, LLC, and | ) | |
| THYSSENKRUPP ELEVATOR | ) | |
| CORPORATION, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted: February 16, 2023
Date Decided: March 20, 2023

*Upon Defendants' Motion in Limine to Exclude Opinions of Plaintiff's Expert.*
**DENIED.**

## <u>ORDER</u>

Timothy A. Dillon, Esquire, McCann & Wall LLC, Wilmington, Delaware, 19801, Attorney for Plaintiff, Rodney Burns.

Peter C. McGivney, Esquire, and David B. Anthony, Berger Harris LLP, Wilmington, Delaware, 19801, Attorneys for Defendant, Thyssenkrupp.

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, 19899, Attorney for Defendants, Larch Investment, LLC and Sovereign Property Management LLC.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendant Thyssenkrupp Elevator Corporation's Motion *in Limine* to Exclude All Evidence from James Filippone, P.E., CEI ("Mr. Filippone"). Defendants Larch Investment, LLC and Sovereign Property Management LLC have joined Defendant Thyssenkrupp (collectively referred to as Defendants") in this Motion. The Court has reviewed Plaintiff Rodney Burns's ("Mr. Burns") submission, as well as the present motion. For the reasons that follow, the Defendants' Motion *in Limine* is **DENIED.**

## FACTS

This suit stems from an August 27, 2014 elevator accident where Mr. Burns was injured in an elevator, maintained and repaired by Defendant Thyssenkrupp, located in a building owned and managed by Defendants Larch Investment, LLC and Sovereign Property Management, LLC.

Mr. Burns has alleged he was injured when the elevator ceiling unexpectedly fell in the building's first floor, which caused the ceiling structure to fall onto his person.

Mr. Burns identified Mr. Filippone as his liability expert and provided Defendants with his Engineering Report dated August 12, 2022.

On February 16, 2023, Defendants Larch Investment, LLC and Sovereign Property Management, LLC and Defendant Thyssenkrupp filed separate Motions *in*

*Limine*, both asking the Court to exclude Mr. Filippone as an expert. Mr. Burns responded to both motions, in opposition, on February 13, 2023. Subsequently, Defendants Larch Investment, LLC and Sovereign Property Management, LLC joined and adopted the Motion *in Limine* filed by Defendant Thyssenkrupp.

## PARTIES' CONTENTIONS

Defendants argue Mr. Filippone's opinion should be excluded because Defendants allege Mr. Filippone's conclusion is primarily and predominantly based upon what he observed when he inspected the elevator five and a half years after the incident. Defendants support their argument by explaining Mr. Filippone made several observations regarding the conditions and its machinery and made "critical statements" regarding the services Thyssenkrupp provided. Defendants take issue with page 8 of Mr. Filippone's report stating, "it is also noted that there are no inspection reports for the incident elevator between March 12, 2013, and the August 27, 2014 accident" and "therefore, apparently the incident was not inspected for approximately one year and five months prior to malfunctioning … contrary to applicable standard of care." Defendants argue Mr. Filippone is wrong because production of maintenance records, which Mr. Filippone purportedly reviewed, showed the elevator was serviced on 4/11/14, 5/14/14, 8/20/14, 10/21/14, 11/6/14 and 12/15/14. In the opinion of Defendants, Mr. Filippone "completely overlooks… highly relevant facts" such as that there were no similar incidents with this elevator

3

prior to or after the incident involving Mr. Burns, and the safety consultant/risk manager for the building testified there was "never a problem" with the elevator.

Mr. Burns, in opposition, asserts Mr. Filippone, in making his report, reviewed and relied on "numerous property manager and building owner depositions, the deposition of [Thyssenkrupp]'s elevator mechanic, the applicable County, State and National Codes, an incident report, the elevator maintenance contract between Defendant Thyssenkrupp and the Building Owner Defendant Larch, the various elevator maintenance and repair records, its parts and the building and he also personally inspected the specific elevator in question as well." So, Mr. Burns position is Mr. Filippone did not base his opinions solely on his elevator inspection. Further, Mr. Burns asserts Mr. Filippone, through an attached affidavit, explains that service dates or "routine elevator maintenance is not considered an elevator inspection under the relevant elevator safety code, building code, property maintenance code and the standard of care, are completely different than what [Thyssenkrupp] completed in this case: routine elevator maintenance." Accordingly, Mr. Burns argues Mr. Filippone's opinions regarding a lack of inspection are accurate, reliable, and helpful to the jury.

## STANDARD OF REVIEW

The admissibility of expert testimony is governed by Delaware Rule of Evidence 702 which provides:

[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skills, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[1]

The federal standard is identical to the Delaware standard which was interpreted by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[2] and *Kumho Tire Co., Ltd. v. Carmichael*.[3] In *Kumho Tire*, the Supreme Court extended the holdings in *Daubert* to encompass all expert testimony including, "scientific, technical or other specialized" knowledge.[4]

The holdings in *Daubert* and *Kumho* have been adopted by the Delaware Supreme Court as "correct interpretations" of D.R.E. 702.[5] "The inquiry envisioned by Rule 702 is, we emphasize, a flexible one ... [t]he focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."[6]

*Daubert* held that the trial judge must act as a "gatekeeper" and determine whether the proffered expert testimony is both relevant and reliable.[7] Several factors

---

[1] D.R.E. 702.
[2] 509 U.S. 579 (1993).
[3] 526 U.S. 137 (1999).
[4] 526 U.S. at 141.
[5] *M.G. Bankcorporation, Inc. v. LeBeau*, 737 A.2d 513, 522 (Del.1999).
[6] *Daubert*, 509 U.S. at 594.
[7] *Id.*

are considered in this determination, but they are not viewed as a "definitive checklist or test" because many scientific, technical, or specialized fields are not subject to peer review and publication.[8] Those flexible factors are:

(1) whether a theory of technique has been tested;
(2) whether it has been subjected to peer review and publication;
(3) whether a technique had a high known or potential rate of error and whether there are standards controlling its operation; and
(4) whether the theory or technique enjoys general acceptance within a relevant scientific community.[9]

In addition to the *Daubert* factors, the trial court must determine if expert testimony is "relevant and reliable" by employing a "five-step test:"

1. The witness is qualified (D.R.E.702);
2. The evidence is otherwise admissible, relevant, and reliable (D.R.E. 401 and 402);
3. The bases for the opinion are those reasonably relied upon by experts in the field (D.R.E.703);
4. The specialized knowledge being offered will assist the trier of fact to understand the evidence or determine a fact in issue (D.R.E.702); and
5. The evidence does not create unfair prejudice, confuse the issues, or mislead the jury (D.R.E.403).[10]

The focus of the *Daubert* analysis concerns the principles and methodology used to form the expert's opinion and not on the resulting conclusions.[11]  The party seeking

---

[8] *Bowen v. E.I. DuPont de Nemours & Co., Inc.*, 906 A.2d 787, 794 (Del.2006).
[9] *Daubert*, 509 U.S. at 592–93.
[10] *Nelson v. State*, 628 A.2d 69, 74 (Del.1993).
[11] *Daubert*, 509 U.S. at 594.

to introduce the expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.[12]

Delaware courts generally recognize that challenges to the "factual basis of an expert opinion go[ ] to the credibility of the testimony, not the admissibility, and it is for the opposing party to challenge ... the expert opinion on cross-examination."[13] "The different depth with which [an expert] pursued particular lines of investigation and the different assumptions they made are readily subject to cross-examination and to evaluation by the fact finder for credibility and weight."[14] An expert's testimony will only be excluded in the narrow circumstance where she is shown to have completely neglected the core facts of the case.[15]

---

[12] *Bowen*, 906 A.2d at 794–95.

[13] *Perry v. Berkley*, 996 A.2d 1262, 1271 (Del. 2010). See also *Hodel v. Ikeda*, 2013 WL 226937 at *4 (Del. Super. Jan. 18, 2013); *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (internal citations omitted); *Russum v. IPM Development Partnership LLC*, 2015 WL 2438599 at *3 (Del. Super. May 21, 2015).

[14] *Henlopen Hotel v. United Nat'l Ins. Comp.*, 2020 WL 233333 at *4 (Del. Super. Jan. 10, 2020); *Perry*, 996 A.2d at 1271 (noting cross-examination rather than exclusion can be the proper method of exploring the bases of an expert's opinion and the weight to be ascribed thereto).

[15] *Russum*, 2015 WL 2438599 at *3.

## DISCUSSION

In applying the "five-step test" to Mr. Filippone's testimony, the Court finds Mr. Burns did establish the admissibility of his testimony by a preponderance of the evidence.

First, an expert witness is qualified to testify through any of the following: knowledge, skill, experience, training or education.[16] Defendants do not raise an argument regarding Mr. Filippone's qualifications to elevator/engineering related opinions in their joint motion. However, in Defendant Larch Investment, LLC's original motion, it argued Mr. Filippone was not a qualified expert and pointed this Court to Mr. Filippone's CV. The Court will address whether Mr. Filippone is a qualified expert. This Court finds Mr. Filippone is qualified to render such opinions based upon his 30+ years of experience as an elevator inspector and professional engineer.

Here, the main contention Defendants argue is Mr. Filippone's conclusion is "primarily and predominantly" based upon his site inspection five and a half years after the accident and as such, Mr. Filippone's opinion is based solely on suppositions. The Court does not agree. According to Mr. Filippone's report, he reviews and references property manager and building owner depositions, the

---

[16] D.R.E. 702.

deposition of Thyssenkrupp elevator mechanic, the applicable County, State and National Codes, the incident report, the elevator maintenance contract between Thyssenkrupp and Larch, the elevator maintenance and repair records, elevator inspection records, photographs of the elevator, the elevator's parts and the building. Mr. Filippone did visit the inspection site five and a half years after the incident occurred, however, the basis for his opinion and conclusions incorporated many different sources, which are likely to be considered by other elevator experts, in his opinion. Additionally, his opinions are based upon facts established in the record of this case, therefore his opinion is not based upon suppositions.

The only other contention Defendants took issue with was Mr. Filippone overlooked facts that the Defendants found "highly relevant". This complaint is one of the factual bases of Mr. Filippone's opinion and does not subject Mr. Filippone's report or testimony to be excluded based on those grounds alone. The facts Mr. Filippone relied on to reach his opinion goes toward the credibility of his testimony, not the admissibility. So, the factual basis of his opinion is for Defendants to challenge on cross-examination.

Mr. Filippone is a qualified expert in the field of elevators, his opinion is relevant, his opinion is based upon information reasonably relied upon by experts in his particular field, and his expert testimony will assist the trier of fact in understanding the evidence or to determine a fact in issue.

9

## CONCLUSION

Based on the forgoing reasons, Defendants Motion *in Limine* to Exclude Plaintiff's expert witness is **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**